### GREENBERG v. ALASKA MINES CORPORATION.

(Second Division. Nome. March 15, 1919.)

No. 2779.

**Appeal and error** ⚖➡465(1)—**Supersedeas.**

A supersedeas bond on appeal from the district court in Alaska should be sufficient to indemnify the appellee against any possibility of loss from whatsoever causes.

O. D. Cochran, of Nome, for defendant.

HOLZHEIMER, District Judge. The defendant, by its attorney, O. D. Cochran, Esq., requests the court, that it be not required to furnish a supersedeas bond in the above-entitled cause, and, if such bond be required, that it be but nominal, basing his request on the fact that the personal property covered by the mortgage is more than sufficient to cover the judgment; that the dredge hull and machinery bought and paid for, while not assembled or installed, was worth the sum of $200,000. The court has always been of the opinion that in personal property mortgages a superse-

deas bond on appeal stands in the same position as a money judgment; that is, in an amount equal to the judgment, interest, and costs, because of the fact of the great possibility of loss of security by fire, theft, and depreciation in value, and such depreciation might arise from various causes not necessary to enumerate.

Defendant's counsel, however, urges and insists that, because of the great value of such personal property, the chances of loss were very nominal, and requested the court that, if he desired, he might call in expert dredgemen to satisfy himself as to the value of the particular property in question, naming, as men that he would be satisfied with, Dr. A. N. Kittilsen and Fred Ayer. Plaintiff's counsel also acquiesced in the choice of said men. The court, fearing that he might err or be unreasonable, not being familiar with dredge hulls or material, called in the above-named gentlemen to satisfy himself, and so that he might get a better idea of values. Both of these gentlemen were of the opinion that the price to be fixed upon dredges and dredge machinery was usually speculative, and if any value was to be placed thereon it should be nominal, and as one of the reasons for their conclusions stated that, if a dredge was complete, the machinery new, and fully assembled and installed, it would be valueless to a party unless they had the use for it, and that the dredge was adapted to the particular ground for which it was to be used, and it did not even pay to ship secondhand machinery as old junk.

An appeal in this case is for the benefit of the defendant, and for the protection of the plaintiff; therefore the bond, under all rules of court and authorities, should be sufficient to indemnify the plaintiff against any possibility of loss from whatsoever causes.

The parties to this action have agreed that the value of the 51 per cent. of the mining claim would be fair, if set at about $7,000. The amount of the judgment is in round figures about $28,000, and the machinery and hull covered by the chattel mortgage have no sure value—that is, no such value as could insure the absolute protection for the plaintiff. Therefore the supersedeas bond is fixed at $20,000, and, in the opinion of the court, the foregoing reasoning is fully sustained and upheld by rule 13 of the Circuit Court of Appeals for the Ninth Circuit (208 Fed. viii, 124 C. C. A. viii).